# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALOYSIOUS ALLIE CONTEH<br>(PETITIONER)<br><br>V.<br><br>BUREAU OF IMMIGRATION<br>AND CUSTOMS ENFORCEMENT<br>(RESPONDENT) | ) | FILED<br>SCRANTON<br>APR 16 2004<br>PER ____ DEPUTY CLERK<br><br>CIVIL No: 3:CV-04-0217 |

## ADDENDUM TO WRIT OF HABEAS CORPUS 28 U.S.C.A. § 2241 SEEKING PERMANENT INJUNCTIVE RELIEF. FROM DEPORTATION BY THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT

### BIA RESPONDED THAT THEY ARE INABILITY TO LOCATE OR RECREATE PETITIONER'S RECORD OF PROCEEDINGS

Now comes Petitioner, **Aloysious Allie Conteh, (Pro-Se),** before this Honorable Court, with this **Addendum to the Writ of Habeas Corpus 28 U.S.C.A. 2241**, filed in your court on …… Petitioner had previously requested that the Bureau of Immigration and Customs Enforcement (BICE), reinstate his Voluntary departure which was granted in 1996.

Petitioner request that this Honorable Court, accept his Petition for Permanent Injunctive Relief, from deportation by the Bureau Of Immigration and Customs Enforcement. (BICE), formerly Immigration and Naturalization Service (INS).

Petitioner seeks such relief from this Court because he is afraid to return to his Native Country, because of the ongoing out breaks of Civil and Political wars that has blanketed Sierra Leone.

He also believe on behalf of his family whom are presently United States Citizens and Residents of the United States, the Office of BICE / INS, in its deliberate acts deprives them of their rights to **Equal Protection** and **Substantial Procedural Due Process**, afforded to all citizens, and Aliens alike by the laws of the Constitution.

## LESS STRINGENT STANDARDS

Petitioner **Aloysious Allie Conteh**, is pro se, litigant, and is entitled to have his **Habeas Corpus 28 U.S.C.A. § 2241**, and asserted claims construed liberally, because pro-se litigants or held to less Stringent standards than Attorneys drafting such claims. See **Richardson v. U.S., 193 F. 3d 545, 548 (D.C. Cir. 1999) also Hanes v. Kerner., 30 L.Ed. 2d. 652, 654 (1972).** ( **"We hold less stringent standards than Attorneys drafting such claims"**).

## JURISDICTION

1) This Court has Jurisdiction to hear and decide, under the constitutional issues, Petitioner also seeks **Permanent Injunctive Relief**, being violated, and order the release of Petitioner from the indefinite detention, **See St Cyr v. INS, 533 U.S. 289, 150, l. Ed. 2d. 347, 69 S. Ct. 2001**, and **Zadvydas v. Davis., 533, U.S. 678, L. Ed. 2d. 653, 69, 121 S. CT. 2491 2001**. The potential danger he faces if deported to Somalia. See **ALI v. Ashcroft, 213 F.R.D.390, 2003. YUSUF ALI ALI; MOHAMMED HUSSEIN HUNDIYE; GAMA KALIF MAHAMUD, V JOHN ASHCROFT, No: 03-35096, Argued in 2003.**

## FACTS OF THE CASE

2) Petitioner, **Aloysious Allie Conteh**, a 43 years of age, and a native and citizen of Sierra Leone, of West Africa, who entered the United States of America, through the John F Kennedy (JFK) international Airport, on December 7, 1988, under a visiting visa. Petitioner overstayed is visitors visa, and started a new life in the U.S.A. Petitioner and his wife Adeline in their union

have two children, his daughter, kadiya Conteh 13 years of age, and his son Aloysious Karim Conteh 8 years of age.

## ARGUMENT

3) Petitioner argues that the office BICE / INS, claimed petitioner had not departed from the United States, back to his Native country as he was ordered by its office. However, petitioner argues that due the **Civil and Political, uprising in Sierra Leone**, and its bordering country of Guineas, he requested, Asylum, which was denied.

4) Furthermore, after he was denied Asylum, the office of Immigration informed him that he could seek a **Temporary Parole Status (TPS),** because of the civil war presently in his country. While at the office of the Immigration office petitioner submitted his application for TPS, and was immediately granted relief to remain in the United States.

5) Furthermore, petitioner was issued work permit social security to remain and work in the United States. Petitioner has remained in the United States, for over twenty Years (20), he is presently the owner of properties, with an active business in the United States. Petitioner's family has grown since he was allowed to remain in the United States, Moreover, he has become strongly rooted in this country as one who is allowed to reside permanently. Therefore, he should not be deprived of what he has built in this country and paying taxes towards the betterment of the economy.

## BOARD OF IMMIGRATION RESPONSE TO PETITIONER.

6) On March 13th, 2004, petitioner received notice from the office of the Board Of Immigration Appeals (BIA), stating that proceedings were closed because the board's inability to locate or recreate petitioner's record of proceedings.

7) However, the Department of Homeland Security (DHC), has filed a motion to recalender, in the event the Immigration Court, is able to locate the transcript, also the transcript may be included and in the record and the case certified to the Board with an opportunity for briefing by the parties.

8) He also argues that the office of BICE / INS, after granting him a TPS, which expired on March 2004, should not have taken him into its custody while his TPS, was still valid. Furthermore, the office of BICE / INS, violated his constitutional rights to **Equal Protection** and **Substantial Procedural Due Process**, when he was taken into custody for violation of its order to be Voluntarily deported, when they recommended that because of the continuos uprising in Petitioner's Native country he could seek TPS. Moreover, the office of BICE / INS, granted Petitioner TPS, on the day he was denied Asylum, Petititoner has no other remedies but through the United States District Court, under his **Habeas Corpus**, with his claim to **Equal Protection** and **Substantial Procedural Due Process** rights to the Constitution, being violated by the office of BICE / INS, who intends to extend his detention with its claim to have lost all documents of petitioner's Deportation Proceedings.

9) Thus, since fear of returning to his Native Country of Sierra Leone has been Petitioner's claim which started in 1996, Petitioner is requesting this Honorable Court to take action in this case, and apply to petitioner's previous petition **Permanent Injunctive Relief**, according to **ALI v. Ashcroft, 213 F.R.D.390, 2003. YUSUF ALI ALI; MOHAMMED HUSSEIN HUNDIYE; GAMA KALIF MAHAMUD, V JOHN ASHCROFT, No: 03-35096, Argued in 2003.** which would stop the Deportation by the Bureau Of Immigration and Customs Enforcement (BICE),

***Preliminary Injunction***

10) Petitioner seeks Preliminary Injunction, and ask this court that this petition be made permanent, he therefore, lays out the Standards for a preliminary injunction which would stop the office of BICE / INS, from deporting him. **However, petitioner has met all standards of the requirements of preliminary injunction (1) A combination of probably success of the merits, and the possibility of irreparable injury; or (2) That serious questions are raised and the balance of hardships tips sharply in its favor.**

11) **The First Element**; The probability of irreparable injury to petitioner is extremely high, after residing in the United States for a period of **20 years**, and to be sent back to his native country

with continuos civil and political uprising, would cause immense pain to his United States citizen's family. Petititoner is in fear because of the high possibility of being victimized and possible tortured upon his return to Sierra Leone. Petitioner satisfies the first element. **A combination of probably success of the merits, and the possibility of irreparable injury;**

12) **In The Second Element**; Here, the office of **BICE / INS**, declares after taken petitioner in its custody while his TPS was still valid, with only one intention to deport petitioner to his native country, which since 1996, he has been seeking refuge to remain in the United States, and be protected from harm. **That serious questions are raised and the balance of hardships tips sharply in its favor.**

13) Again, petititoner argues that as a Alien who have been residing in the United States, under TPS, status who was allowed to remain in the United States for over 20 years, working and paying taxes, as a productive member of society, with no criminal record nor intent of any such. Therefore, petitioner should not be subjected to the harsh treatment inflicted on him and his family by the offices of BICE / INS. like **Walter v. Reno, 145 F. 3d. 1032 (9th, Cir. 1998),** when government violated Petitioner's Rights to Due Process, Const; Amend 5, in proceeding to administratively remove Petitioner from the United States, the fact is this agency approved a TPS, for Petitioner, and years later drag him away from his U.S. citizen family claiming he violated a Voluntary Deportation, ordered. However, deliberately ignoring the fact he was granted TPS, after he was denied Asylum, Petitioner's TPS, remained valid until March 2004. But the office of BICE / INS, took him into custody before the expiration date which prevented him from extending his status under TPS.

14) on February 22nd 2002, during the Asylum hearing petitioner's father, Honorable Chief Justice, of Sierra Leone, Mr William Kemoh Conteh, the American Consulate, Mr Allan, and the ambassador for Sierra Leone, in Washington DC, testified on petitioner's behalf, the petitioner's life would be in danger if he is returned to Sierra Leone. On September 18, 2003, Petitioner's father past away in Philadelphia, Pa. U.S.A. However, the present government under President Ahmad Tejan, Kabbah, refused to accept his body to be buried in Sierra Leone.

## PETITIONER AS AN ALIEN SEEKING PERMANENT INJUNCTIVE RELIEF REQUIRING BICE / INS TO REMEDY DUE PROCESS VIOLATIONS.

15) "It is well established that all individuals in the United States...citizens and aliens are protected by the due process clause of the Constitution". See e.g., **Matthews v. Diaz, 426 U.S. 67, 77, 96 S. Ct. 1883, 1890, 48 L. Ed. Ed. 478 (1976)**. Also, " It is well established that due process clause incorporates the guarantee of equal protection, whether the aliens presence is lawful, unlawful, parole , permanent or temporary. See **Johnson v. Robinson, 415, U.S. 364n. 4, 94 S.Ct. 1160, 1165n4, 39L. Ed. 2d. 389(1974). Zadyyas v. Davis, 533, U.S. 678, 121 S. Ct. 2491, 2499-2500, 150 L. Ed.2d. 653, 689, (2001)**. **Also London v. Plasencia, 459, U.S. 21, 25-28, 103 S.Ct. 321, 325-26, 74L. Ed.2d. 21, 25-28 (1982)**.

16) The Supreme Court has found that "Congress...possesses broad power to regulate the admission and exclusion of aliens", **INS v. Delgado, 466, U.S. 210, 235, 104 S. Ct 1758, 1772, 80L. Ed. 2d. 247 (1984)**, in fact, "[O]ver no conceivable subjects is the legislative power of Congress more complete than it is over the admission of aliens. See **INS v. Chadha, 462, U.S. 919, 1000, S. Ct. 2763, 77L. Ed. 2d. 317 (1983)**, ( quoting **Kleindienst v. Mondell, 408, U. S. 753 766, 925 S. Ct. 2576, 2583, 33L. Ed. 2d. 683 (1972)** (Quoting Oceanic Steam navigation **Company v. Strahan, 214 U.S. 320, 339, 29 S.Ct. 679, 676, 53L. Ed. 1013, (1908).** However, the Court has also observe that "[I]n the enforcement of these policies, the executive of the government must respect the procedural safeguards of due process; See **Galvan v. Press 347, U.S. 522, 531, 74 S. Ct. 737., 743, 98L. Ed. 911 (1954)**. The Constitution guarantee of equal protection under the law has been held applicable to aliens as well as to citizens for over century. See **Yick-Wo v. Hopkins, 118, U.S. 356, 373-74, 65 Ct. 1064, 1072-73, 30 L. Ed. 220 (1886).**

## EXCESSIVE INDEFINITE DETENTION VIOLATES EQUAL PROTECTION AND DUE PROCESS CLAUSE OF THE CONSTITUTION

17) Petitioner argues that his indefinite mandatory detention of ... months is "**Excessive**" and "**abusive**" and is a violation of the laws of the constitution. Petitioner states that he is being

held by BICE / INS, in an "**Arbitrary and Capricious**" manner. He alleges that the office of BICE / INS is holding him against his will of **"liberty"**, in violation of his "**Constitutional rights of Substantive and procedural**" **"due process"**, and **"Equal Protection" of laws (U.S.A. Const. Amend. 5 & 14)**.

18) In this case, Petitioner is under the reckless disregard threshold because the office of BICE / INS has restricted Petitioner's liberty and there by increases his vulnerability, to abusive government action or private harm, which is a violation of **"Substantive Procedural" "Due Process"** Rights under the **14, Amendment.** See **Williams v. Borough of Westchester, 891 F. 2d. 458, 464n. 10(3rd 1989)**.

19) "Though deportation is not suppose to be a criminal proceedings, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. Meticulous care must be exercise lest the procedure by which petitioner is deprived of that liberty, not meet the essential standards of fairness" **Yepes-Prado, 10 F. 3d. at 1369n. 11.**

20) **The presumptive limit reasonable duration of detention under post-removal-period provision of Immigration and nationality Act (INA), is six Months, after six Months, once an Alien provides good reason that there is no significant likelihood of removal in the foreseeable future, government must respond with evidence, that showing in order to warrant further detention. Immigration and Nationality Act, § 241 (a)(6), as amended, 8 U.S.C.A. § 1231 (a)(6).**

## CONCLUSION

For all the right reasons petitioner believes he has provided all reasons why he should not be deported, furthermore, he should not be subjected to the Harsh consequences of BICE / INS, as a alien who was allowed to remain in the United States for over 20 years building a life and then torn down by an agency who had totally disregard the facts and his contribution to the economy of the United States by paying taxes, owning a home and other properties.

This court has complete jurisdiction in this matter because he was legally allowed to remain in the United States under TPS status, and before its expiration he was arrested without any warning or notice of deportation proceedings. Such actions by an agency violates every Humanitarian Standards set fort by the Founding Fathers and the Symbols as the Statue of Liberty, and The Liberty Bell, signifies.

Therefore, Petitioner prays that this Honorable Court will grant him relief from deportation for Permanent Injunctive Relief, under his Writ of Habeas Corpus, 28 U.S.C.A. § 2241.

April 10, 2004

Respectfully Submitted

Aloysious Allie Conteh
York County Prison
3400 Concord Rd.
York, Pa. 17402.

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**CONTEH, ALOYSIOUS ALLIE**
**3400 CONCORD RD**
**YORK, PA 17402-0000**

**Office of the District Counsel/PH**
**1600 Callowhill St., 4th Floor**
**Philadelphia, PA 19130**

**Name: CONTEH, ALOYSIOUS ALLIE** **A29-850-629**

**Date of this notice: 03/09/2004**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

F.F. Kr

Frank Krider
Acting Chief Clerk

RE
S
AF

PER

Enclosure

Panel Members:
HESS, FRED

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A29 850 629 - Philadelphia

Date: MAR - 9 2004

In re: ALOYSIOUS ALLIE CONTEH a.k.a. Aloysious Conteh

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: William W. Kummings
Appellate Counsel

CHARGE:

Order: Sec. 241(a)(1)(B), I&N Act [8 U.S.C. § 1251(a)(1)(B)] -
In the United States in violation of law

ORDER:

PER CURIAM. This case was last before the Board on February 22, 2002, when proceedings were closed administratively due to the Board's inability to locate or recreate the record of proceedings. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has now filed a motion to recalender. Along with the motion, the DHS submitted copies of certain documents, including the Immigration Judge's decision, dated February 27, 1996, denying the respondent's application for asylum and withholding of deportation and granting the respondent a period of voluntary departure. The respondent filed a Notice of Appeal from the Immigration Judge's decision and indicated that he would file a brief. When the respondent did not file a brief, the DHS moved for a summary dismissal. In response to that motion, the respondent explained that he had not received a copy of the transcript of the hearings. The Board is also without a copy of the transcript and the DHS did not submit a copy or otherwise indicate that the DHS had previously received a copy. Further review is not possible on this incomplete record. A remand to the Immigration Court appears to be the only viable option at this time. In the event the Immigration Court is able to locate a transcript, the transcript may be included in the record and the case certified to the Board with an opportunity for briefing by the parties. *See* 8 C.F.R. § 1003.1(c). If the Immigration Court is unable to locate a transcript, new hearings should be held in this matter. Moreover, the Immigration Judge may opt to hold additional hearings to determine whether the respondent is now eligible for any additional relief and whether changes in Sierra Leone affect the respondent's claim. Accordingly, the record is remanded.

FOR THE BOARD